BENJAMIN F. LENNARD, bearer, plaintiff in error, vs. JOHN H. JONES, trustee, defendant in error.

*When it is sought to charge the husband, as trustee, and the proof shows he never accepted the trust, it is not competent for the plaintiff to strike out the name of the husband, and substitute that of the wife as cestui que tiust.*

Assumpsit, from Randolph county. Decision by Judge KIDDOO, at the June adjourned Term, 1858.

Benjamin F. Lennard, bearer, brought suit against John H. Jones, trustee of Mary A. Jones, to recover the sum of ninety-five dollars and twenty-three cents, ($95 23) besides interest, the amount of a promissory note given by said Mary A. Jones, to James D. Lennard, dated 7 July, 1856, payable one day after date, and afterwards for valuable consideration transferred to plaintiff.

The declaration alleged that said Mary A. Jones, and her children, were the *cestui que trusts* of two negro slaves, conveyed to them by deed, from Jemima W. Poole, and that said slaves were in the possession of John H. Jones, as trustee; that said note was given for goods, wares, and merchandise, sold and delivered to said Mary A. Jones, for the use and benefit of herself and children, and said estate, and that said estate was liable for the same.

The action is brought against the trustee under the provisions of *the Act of 5th March,* 1856, *p.* 228.

The defendant pleaded that when said note was given, said Mary A. Jones was a married woman, the wife of defendant.

After reading in evidence the note sued on, plaintiff introduced a book, containing the original entries of part of the goods sold and delivered, and for which the note was given; said entries amounting to $64 31. Plaintiff then proposed to prove the loss or destruction of another book, containing the original entries of the balance of the goods sold, and making up the amount for which the note was given. Defendant objected to the testimony as inadmissible, the objection was sustained by the Court, and plaintiff excepted.

Plaintiff then moved to amend the declaration, by striking out the name of John H. Jones, and inserting that of Mary A. Jones, the *cestui que trust*, as defendant; which motion the Court refused, and plaintiff excepted.

Defendant moved for a *nonsuit*, which the Court granted; on the grounds, that plaintiff had failed to make out his case—had failed to show how the trust estate was subject to the payment of the note sued on; and that the *corpus* of a trust estate could only be subject to sale when necessary for the benefit of the estate. To which decision plaintiff excepted.

GEO. L. BARRY, for plaintiff in error.

HOOD & ROBINSON, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was a suit to recover at law, a debt out of a trust estate. The action was brought against the husband, as trustee; it turning out on the trial, that he had never accepted the trust, the Court granted a *nonsuit*, refusing to permit the plaintiff to substitute the name of the wife, who

was *one* of the *cestui que trusts*, in the place of that of the husband.

There can be no doubt that the Court was right, and notwithstanding the Act of 1856, gives the right to sue at law, still it never was designed to confer such power as that here claimed.

We see nothing wrong in the other rulings complained of. In the view already taken of the case, it becomes unnecessary to notice them more particularly.

Before commencing any proceedings, either at law or in equity, counsel would do well to examine and see whether the *children* should not be parties likewise; provided there be children. Also, how far the giving of the note, in this case, will indicate the intention of the wife to bind her separate property for this debt. This question has been much discussed, and there is no little law learning in the books, upon that point.

Judgment affirmed.

McDonald J. absent.